**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION**

| | |
|---|---|
| SYNTHIA G. ROSS, *et al.*, on behalf of themselves and all others similarly situated, ) ) ) ) | Case no.: 1:09-CV-5695 |
| Plaintiffs, ) ) | Judge Joan Lefkow |
| ) | Magistrate Judge Maria Valdez |
| v. ) ) | |
| RBS CITIZENS, N.A., d/b/a CHARTER ONE, *et al.*, ) ) ) | |
| Defendants. ) | |

**DEFENDANTS' NOTICE OF RECENT AUTHORITY
IN OPPOSITION TO PLAINTIFFS'
MOTION FOR CLASS CERTIFICATION UNDER THE
<u>ILLINOIS WAGE LAW</u>**

On August 12, 2010, the Eastern District of Missouri (Shaw, J.) denied plaintiffs' motion for class certification in <u>Doyel, et al</u>. v. <u>McDonald's Corp., et al</u>., No. 4:08-cv-01198. A copy of that opinion (hereafter, "Slip op.") is attached hereto as Exhibit A. The allegations in <u>Doyel</u> are remarkably close to those presented here.

In <u>Doyel</u>, plaintiffs purport to represent a statewide class of nonexempt employees, bringing claims under the FLSA and the Missouri Minimum Wage Law ("MMWL") on allegations that plaintiffs' managers denied them meal and rest breaks; encouraged them to work before clocking in; required them to work through breaks; to continue working after clocking out; and to clean and press their uniforms on their own time. Plaintiffs put heavy emphasis, as

the plaintiffs do in this case, on evidence that managers had access to employees' time entries and made changes in those entries.[1]

The August 12 ruling concerned plaintiffs' motion to certify a class under the MMWL – exactly like the motion currently pending before this Court, in which plaintiffs seek to certify a class of Illinois employees under the IMWL. The Doyel Court denied certification, holding that the requirements of Fed. R. Civ. P. 23(b)(3) were not satisfied because of the need for individual evidence:

> Because there are legitimate reasons to manually edit an employee's computerized time punches, . . . merely looking to records of time punches that were edited does not establish that an employee was not paid for hours worked. To make a prima facie showing on the question of whether the class of employees were paid for all time worked, plaintiffs will need to present evidence of why their time punches were altered. This evidence will vary from member to member, and from time punch to time punch.

Slip op. at 8.

So here. In this case, as in Doyel, "[t]he Court cannot presume on a classwide basis, as plaintiffs suggest, that every edit that subtracts time from an employees' time punches was 'shaving' off time the employee actually worked. Nothing would distinguish this improper editing of time from a proper editing of time, for example, when an employee clocks in early or forgets to clock out for a break." Id. For similar reasons, the Doyel Court held that the plaintiffs could not satisfy the Rule 23(b)(3) requirement that class treatment be the superior method to resolve their claims. Id. at 16-17.

---

[1] Unlike plaintiffs in this action, however, plaintiffs in Doyel offered a memo from McDonald's Regional Leadership Committee that stated: "Implement 'zero overtime policy' within your restaurants. Find a 'hidden 5.7 hours' by monitoring clock in/clock out time to avoid losing $15K, a year!" Slip op. at 5. Plaintiffs also offered a spreadsheet "showing supervisors how they could save between $11,610 and $17,172 per store per year by cutting crew members' hours by one or two hours per week." Id.

Respectfully submitted,

**RBS CITIZENS, N.A., & CITIZENS FINANCIAL GROUP, INC.**

By: PROSKAUER ROSE LLP                                    Dated: August 17, 2010

   */s/ Catherine J. Spector*
Nigel Telman (Ill. Bar No. 6216939)                       Elise M. Bloom**\***
Paul L. Langer (Ill. Bar No. 6189216)                     Amanda D. Haverstick*
Catherine J. Spector (Ill. Bar No. 6287459)               Jacqueline Dorn*
Three First National Plaza                                1585 Broadway
70 West Madison, Suite 3800                               New York, NY 10036
Chicago, IL 60602-4342                                    Tel: 212.969.3000
Tel: 312.962.3550                                         Fax: 212.969.2900
Fax: 312.962.3551                                         ebloom@proskauer.com
ntelman@proskauer.com                                     ahaverstick@proskauer.com
planger@proskauer.com                                     jdorn@proskauer.com
cspector@proskauer.com

\*Admitted *pro hac vice*

Mark W. Batten**\***
Alison Langlais*                                          *Attorneys for Defendants*
One International Place
Boston, MA 02110
Tel: (617) 526-9600
Fax: (617) 526-9899
mbatten@proskauer.com
alanglais@proskauer.com

## CERTIFICATE OF SERVICE

I, Catherine J. Spector, an attorney, do hereby certify that I have caused a true and correct

copy of the foregoing to be served on the following attorneys, today August 17, 2010, by

operation of the Court's CM/ECF electronic filing system:

Kenneth C. Apicella                                       Daniel W. Craig
Apicella & Malatesta LLC                                  Daniel W. Craig, P.C.
134 North LaSalle                                         1125 Grand
Suite 320                                                 Suite 900
Chicago, IL 60602                                         Kansas City, MO 64106
312-445-0542                                              (816) 221-7772
312-261-9968 (fax)                                        dcraig@dancraigpc.com
kca@theamfirm.com

4

| | |
|---|---|
| Brendan J. Donelon | Robert Andrew Santillo |
| Donelon, P.C. | The Winebrake Law Firm, Llc |
| 802 Broadway | Twining Office Center, Suite 211 |
| 7th Floor | 715 Twining Road |
| Kansas City, MO 64105 | Dresher, PA 19025 |
| (816) 221-7100 | (215) 884-2491 |
| brendan@donelonpc.com | asantillo@winebrakelaw.com |

By:   */s/ Catherine J. Spector*
      Catherine J. Spector