# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| **SYNTHIA G. ROSS, et al.,** | ) | |
| On Behalf of Themselves and | ) | |
| All Others Similarly Situated, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No.: 1:09-CV-5695 |
| | ) | |
| **RBS CITIZENS, N.A.** | ) | |
| **d/b/a CHARTER ONE** | ) | |
| -and- | ) | |
| **CITIZENS FINANCIAL GROUP, INC.** | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' RESPONSE TO PLAINTIFFS'
## MOTION FOR APPROVAL OF RULE 23 CLASS NOTICES

In response to Plaintiffs' Motion for Approval of Rule 23 Class Notices, filed on Thursday, February 2, 2012 (Doc. #256), Defendants, RBS Citizens, N.A. and Citizens Financial Group (collectively, "Citizens" or "Defendants"), by and through their undersigned counsel, submit the attached proposed Rule 23 Class Notices for the Illinois Minimum Wage Law ("IMWL") class claims in this matter for consideration.[1]

As an initial matter, Defendants suggest that it is premature to issue the Rule 23 Class Notices, as Defendants are currently seeking rehearing *en banc* of a Seventh Circuit panel's recent opinion on class certification. If the Court is inclined to issue the Class Notices at this time, Defendants submit that the Class Notices attached hereto as Exhibits A and B are more

---

[1] Plaintiffs sent Defendants their proposed Rule 23 Class Notices without allowing sufficient time for Defendants to comment before Plaintiffs' filing of the Motion for Approval of Rule 23 Class Notices. Thus, Defendants are providing their comments regarding the Class Notices to Plaintiffs and the Court, including the appropriate timing of the Notices, separately.

appropriate than Plaintiffs' proposed Class Notices. Accordingly, Defendants request that the Court (1) delay the sending of the Class Notices until after the resolution of Defendants' Petition for Rehearing *En Banc* of the Seventh Circuit panel's decision in this matter; and/or (2) direct that the Rule 23 Class Notices for the IMWL class claims in this matter be issued in the attached forms.

## I.   Class Notices Should Not be Issued Until the Seventh Circuit Proceedings Have Concluded.

Following this Court's decision regarding class certification of the IMWL class, and Defendants' resulting appeal, the Court entered a stipulated order in this matter staying proceedings related to the IMWL claim "pending final disposition of the defendants' petition to the Seventh Circuit with respect to the certification of the IMWL class, *and any appellate proceedings related to or arising from the petition.*" See Doc. #250, Stipulated Order, ¶ 1 (emphasis added). While a Seventh Circuit panel did issue an opinion on January 27, 2012 regarding this issue, Defendants submit that appellate proceedings regarding this issue have not yet concluded. Defendants will file today, February 10, 2012, a Petition for Rehearing *En Banc* before the Seventh Circuit.

Defendants respectfully submit that it would be more cost-effective and efficient for all parties if the Class Notices are sent out to the potential Rule 23 Class Members only *after* the proceedings before the Seventh Circuit have concluded. To the extent that the Seventh Circuit accepts the rehearing petition and issues an opinion overturning or modifying the panel's decision, any notices delivered prior to the *en banc* decision will represent wasted time, effort and cost. A short delay in sending the Class Notices until after the Seventh Circuit decides the rehearing petition, and issues any opinion in this matter, will allow this matter to proceed in an

efficient and appropriate manner, consistent with the Stipulated Order prepared by the parties and entered by the Court.

**II.    Defendants' Amendments to Plaintiff's Proposed Class Notices Should Be Adopted in Order to Provide Potential Class Members with Accurate Information about these Proceedings.**

To the extent the Court does direct that the parties issue Class Notices at this time, Defendants believe the proposed Class Notices attached hereto as Exhibit A (Notice to Assistant Branch Managers) and Exhibit B (Notice to Bankers, Personal Bankers, Teller Managers, Head Tellers and/or Senior Tellers) more accurately convey the status of the litigation and better inform class members of their rights. As shown in the "blackline" version of the proposed Class Notices, attached hereto as Exhibits C and D and comparing Plaintiffs' proposed Class Notices to Defendants', the forms of the Class Notices proposed by Defendants are substantially similar to Plaintiffs' proposed Class Notices, but do make several key clarifications. The most significant proposed modifications are as follows:

- The proposed Class Notices appropriately clarify the legal significance of the Notice (e.g., by noting that "[t]his Notice is not an expression of any opinion by the Court as to the merits of any claim or defenses . . . . The Court has made no ruling on the merits.");

- The proposed Class Notices appropriately present Charter One's position regarding the litigation, including Charter One's denial of any wrongdoing or legal liability; and

- The proposed Class Notices appropriately provide information about the consequences of a class member's decision not to participate in the lawsuit.

See Exhs. C-D.

WHEREFORE, Defendants respectfully request that the Court (1) delay the sending of

the Class Notices until after the resolution of Defendants' Petition for Rehearing *En Banc* of the

Seventh Circuit panel's decision in this matter; and/or (2) direct that the Rule 23 Class Notices

for the IMWL class claims in this matter be issued in the forms attached as Exhibits A and B.

Dated: February 10, 2012

Respectfully submitted,
RBS Citizens, N.A., d/b/a Charter One
and Citizens Financial Group, Inc.

By their attorneys,

PROSKAUER ROSE LLP

____/s/ Nigel F. Telman_____
Nigel F. Telman
Amanda C. Wiley
Shelbie J. Byers
Three First National Plaza
70 West Madison Street, Suite 3800
Chicago, IL 60602
(312) 962-3550

Mark W. Batten*
Alison M. Langlais *
One International Place
Boston, MA 02110-2600
(617) 526-9600

Elise M. Bloom*
Jacqueline M. Dorn *
Eleven Times Square
New York, NY 10036
(212) 969-3000

*Attorneys for Defendants*
**Admitted pro hac vice*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have caused a true and correct copy of the foregoing **DEFENDANTS'
RESPONSE TO PLAINTIFFS' MOTION FOR APPROVAL OF RULE 23 CLASS
NOTICES** to be served to the following attorneys by e-mail through the Court's ECF system:

> Peter Winebrake
> R. Andrew Santillo
> The Winebrake Law Firm, LLC
> Twining Office Center, Suite 211
> 715 Twining Road
> Dresher, PA 19025
> (215) 884-2491
> asantillo@winebrakelaw.com
> Pwinebrake@winebrakelaw.com

> Brendan J. Donelon
> Daniel W. Craig
> Donelon, P.C.
> 802 Broadway
> 7th Floor
> Kansas City, MO 64105
> (816) 221-7100
> brendan@donelonpc.com
> dcraig@dancraigpc.com

> Kenneth C. Apicella
> Apicella & Malatesta LLC
> 134 North LaSalle Street
> Suite 320
> Chicago, Illinois  60602
> kca@apicella-law.com

on this 10th day of February, 2012.

> ___ /s/ Nigel F. Telman _____

> Nigel F. Telman
> Proskauer Rose LLP
> Three First National Plaza
> 70 West Madison Street, Suite 3800
> Chicago, IL 60602
> (312) 962-3550