**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION**

| | | |
|---|---|---|
| SYNTHIA G. ROSS, *et al.*, on behalf of themselves and all others similarly situated, | ) | Case No.: 1:09-CV-5695 |
| Plaintiffs, | ) | Judge Joan Lefkow<br>Magistrate Judge Maria Valdez |
| v. | ) | |
| RBS CITIZENS, N.A., d/b/a CHARTER ONE, *et al*., | ) | |
| Defendants. | ) | |

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON INDIVIDUAL OPT-IN PLAINTIFFS' FLSA CLAIMS**

Dated: May 21, 2012

Nigel F. Telman (Ill. Bar No. 6216939)
PROSKAUER ROSE LLP
Three First National Plaza
70 West Madison, Suite 3800
Chicago, IL 60602-4342
Tel: 312.962.3550
Fax: 312.962.3551
ntelman@proskauer.com

Mark W. Batten*
Alison Langlais*
One International Place
Boston, MA 02110
Tel: (617) 526-9600
Fax: (617) 526-9899
mbatten@proskauer.com
alanglais@proskauer.com

Elise M. Bloom*
Amanda D. Haverstick*
PROSKAUER ROSE LLP
Eleven Times Square
New York, NY 10036
Tel: 212.969.3000
Fax: 212.969.2900
ebloom@proskauer.com
ahaverstick@proskauer.com

*Admitted *pro hac vice*

*Attorneys for Defendants, RBS Citizens, N.A., d/b/a Charter One, and Citizens Financial Group, Inc.*

# Table of Authorities

**Page(s)**

**CASES**

*Anderson v. Liberty Lobby, Inc.*,
477 U.S. 242 (1986) .......... 4

*Anderson v. Mt. Clemens Pottery Co.*,
328 U.S. 680 (1946) .......... 5, 6

*Becker v. Tenenbaum-Hill Assocs.*,
914 F.2d 107 (7th Cir. 1990) .......... 4

*Bjornson v. Daido Metal U.S.A., Inc.*,
12 F. Supp. 2d 837 (N.D. Ill. 1998) .......... 5, 6, 7

*Boring v. World Gym-Bishop, Inc.*,
2009 U.S. Dist. LEXIS 21061 (N.D. Ill. Mar. 17, 2009) .......... 5

*Celotex Corp. v. Catrett*,
477 U.S. 317 (1986) .......... 4

*Davis v. Food Lion*,
792 F.2d 1274 (4th Cir. 1986) .......... 6

*Gatto v. Mortg. Specialists of Ill., Inc.*,
442 F. Supp. 2d 529 (N.D. Ill. 2006) .......... 7

*Hemsworth v. Quotesmith.com, Inc.*,
476 F.3d 487 (7th Cir. 2007) .......... 4, 5

*IBP, Inc. v. Alvarez*, 546 U.S. 21 (2005) .......... 5

*Johnson v. Cambridge Indus., Inc.*,
325 F.3d 892 (7th Cir. 2003) .......... 4

*Kellar v. Summit Seating Inc.*,
664 F.3d 169 (7th Cir. 2011) .......... 5

*Marchman v. Advocate Bethany Hosp.*,
2006 U.S. Dist. LEXIS 50889 (N.D. Ill. July 12, 2006) .......... 7

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*,
475 U.S. 574 (1986) .......... 4

*Stevens v. Life Care Ctrs. of Am., Inc.*,
2008 U.S. Dist. LEXIS 74555 (S.D. Ind. Sept. 25, 2008) .......... 7

*Turner v. The Saloon, Ltd.*,
491 F. Supp. 2d 767 (N.D. Ill. 2007), *aff'd in part, rev'd in part on other grounds*, 595 F.3d 679 (7th Cir. 2010) ..... 7

*Vince v. Ill. Cent. Sch. Bus, LLC,*
2011 U.S. Dist. LEXIS 12858 (N.D. Ill. Feb. 9, 2011), *superseded by statute on other grounds* ..... 5, 6, 7

**STATUTES**

29 U.S.C. § 203(g) ..... 10

**OTHER AUTHORITIES**

29 C.F.R. § 785.11 ..... 10

Civil Rule 56.1 ..... 5

Fed. R. Civ. P. 56(c) ..... 7

# Table Of Contents

INTRODUCTION ........................................................................................................................1

STATEMENT OF FACTS ..........................................................................................................1

A. Background ........................................................................................................................2

B. The SJ Plaintiffs ...................................................................................................................2

ARGUMENT ..............................................................................................................................4

A. Applicable Legal Standards .................................................................................................4

B. The Court Should Dismiss The Individual FLSA Claims of All SJ Plaintiffs. .......5

CONCLUSION ...........................................................................................................................8

## INTRODUCTION

This motion seeks summary judgment with respect to the Fair Labor Standards Act ("FLSA") claims of three sets of individual opt-in plaintiffs. These plaintiffs (hereinafter, "SJ Plaintiffs" or "Plaintiffs") have filed consents to join one or both of the two conditionally certified classes asserting FLSA claims against RBS Citizens, N.A., d/b/a Charter One, and Citizens Financial Group, Inc. (collectively, "Defendants" or "Citizens"): (1) an "Hourly Class," whose members claim that they worked "off-the-clock"; and (2) an "ABM Class," whose members claim that they were misclassified. The members of both classes assert claims for overtime compensation based on hours they allegedly worked over 40 per week during the FLSA class period.[1]

The SJ Plaintiffs either have submitted no evidence at all in support of their individual claims, or they have submitted only vague, self-serving sworn statements backed by guesswork – which, as this Court repeatedly has held, are insufficient to defeat summary judgment – especially where, as here, so many of the Plaintiffs received such substantial amounts of overtime pay, in accord with their own contemporaneously recorded time entries. The Court should award summary judgment to Defendants and dismiss all of their individual claims as a matter of law.

## STATEMENT OF FACTS

### A. Background

Defendants have operated retail banking branches under the "Charter One" brand name in Illinois, Michigan, Ohio, and Indiana during the FLSA class period. (Defendants' Statement of Undisputed Facts Pursuant to Local Civil Rule 56.1 ("56.1 Statement"), ¶ 1.) Certain employees

[1] The class period for each plaintiff runs from the later of January 14, 2007 or the date of the plaintiff's opt-in form, through to the earlier of the plaintiff's termination date or the present.

at these branches, including those in teller, teller manager, banker, and similarly titled positions, are classified as non-exempt from the FLSA overtime provisions ("Hourly Employees"). (*Id.* ¶ 2.) Other branch employees, including those in assistant branch manager ("ABM") positions, are classified as exempt from those provisions. (*Id.* ¶ 3.)

Citizens' official written policies with respect to time recording and overtime payment (collectively, "OT Policies") require that all Hourly Employees accurately record all time worked and that they receive pay for all such time, including pay at a time-and-a-half hourly rate ("OT Rate") for all time over 40 hours per week. (*Id.* ¶ 4.) From before the start of the FLSA class period and through to the present, Citizens has maintained, in the normal course of business, official payroll records reflecting the compensation paid to all employees (the "Official Payroll Records"). (*Id.* ¶ 5.) For Hourly Employees, the Official Payroll Records are based on the employees' weekly time entries that have been submitted to payroll. (*Id.*)

**B. <u>The SJ Plaintiffs</u>**

One group of Plaintiffs on whose claims Defendants move for summary judgment ("Group A") consists of ten (10) Hourly Class opt-in Plaintiffs who logged and were paid for substantial amounts of pay at an OT Rate during the class period: Cassandra Christian, Pamela Mistak, LaRonda McCool, Sheila Kilgore, Virgin Medina, Tasha Kinds, Sonja Fuller, Candace Howard, Laurie Monheimer, and Cheryl McJennett. (*See* 56.1 Statement, ¶¶ 10-29.) None of these Plaintiffs have provided any deposition testimony in support of their claims, but they have submitted sworn statements ("Declarations") in which they generally assert that there were weeks for which they worked hours beyond 40 hours without receiving overtime pay. (*See id.*) Each Declaration also sets forth an estimated percentage of weeks during which the Plaintiff claims to have worked over 40 hours, as well as the number of hours per week, on average, that such work entailed. (*See id.*) Despite the generalized assertions and estimates in these Plaintiffs'

Declarations, Official Payroll Records demonstrate that they all submitted time recordings in which they had logged substantial work hours beyond 40 per week, and that they were paid for all those hours at an OT Rate. (*See id.*)

The second group of Plaintiffs on whose claims Defendants seek summary judgment ("Group B") comprise thirteen (13) Hourly Class opt-in Plaintiffs: Shirley Trueblood, Donna Rhem, Ana Benitez, Penny Kliner, Janette Williams, Joe Chavez, Veronica Cameron, Miranda Jones, Crystal Baynard, Jelani Williams, Jennifer Cross, Dale McDaniel, and Stacee Shank. (*See* 56.1 Statement, ¶¶ 30 -42.) Official Payroll Records reflect that all these Plaintiffs too submitted time records in which they had logged substantial work hours beyond 40 per week, and that they were paid for all those hours at an OT Rate. (*See id.*) These Plaintiffs have not submitted any Declarations or deposition testimony in support of their claims. (*Id.*)

The third group of Plaintiffs on whose claims Defendants seek summary judgment ("Group C") are 353 opt-in Hourly Class Plaintiffs (including the Group B Plaintiffs) – out of the approximately 519 total members of the Hourly Class – who have submitted no Declarations and provided no deposition testimony in support of their individual claims, and 44 opt-in ABM Class Plaintiffs – out of the approximately 202 total members of the ABM Class – who have submitted no Declarations and provided no deposition testimony in support of their individual claims. (*See* 56.1 Statement ¶¶ 6-10 & Ex. D.)

None of the SJ Plaintiffs have sufficient evidence to create a material fact dispute with respect to *prima facie* elements of their FLSA claims on which they bear the burden of proof. They cannot withstand summary judgment, and the Court should dismiss their claims as a matter of law.

## ARGUMENT

### A. Applicable Legal Standards

Summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party carries its initial burden either by indentifying evidence that it believes demonstrates an absence of a genuine material fact issue or by demonstrating "'that there is an absence of evidence to support the nonmoving party's case.'" *Becker v. Tenenbaum-Hill Assocs.*, 914 F.2d 107, 110 (7th Cir. 1990) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once this initial burden is met, the nonmoving party then has the burden of presenting "specific facts" to show that there is a genuine, material issue for trial. *Id.*

When evaluating a motion for summary judgment, "the district court is not required to scour the record in search of evidence to defeat the motion; the nonmoving party must identify with reasonable particularity the evidence upon which the party relies." *Hemsworth v. Quotesmith.com, Inc.*, 476 F.3d 487, 490 (7th Cir. 2007) (citing *Johnson v. Cambridge Indus., Inc.*, 325 F.3d 892, 898 (7th Cir. 2003)). Thus, to withstand a summary judgment motion, the non-moving party must do more than present evidence that is merely colorable, conclusory, or speculative; it must present "concrete evidence from which a reasonable [fact-finder] could return a verdict in [its] favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). In the end, the non-moving party must do more than show "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

Plaintiffs here have insufficient evidence to create a material fact dispute on elements of their claims for which they bear the burden of proof. The Court should award summary judgment to Defendants on all of their individual claims.

**B. The Court Should Dismiss The Individual FLSA Claims of All SJ Plaintiffs.**

A plaintiff claiming overtime pay under the FLSA bears the burden of proving both: (1) that he or she actually worked more than 40 hours in a week without receiving proper compensation; and (2) the employer knew or should have known that the plaintiff was performing such unpaid overtime work. *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 686-87 (1946)); *Vince v. Ill. Cent. Sch. Bus, LLC*, 2011 U.S. Dist. LEXIS 12858, at *34-35 (N.D. Ill. Feb. 9, 2011), *superseded by statute on other grounds*, IBP, Inc. v. Alvarez, 546 U.S. 21 (2005); *Bjornson v. Daido Metal U.S.A., Inc.*, 12 F. Supp. 2d 837, 840 (N.D. Ill. 1998).[2]

To defeat a motion for summary judgment, moreover, "[a] party who bears the burden of proof on a particular issue may not rest on [his or her] pleadings," but rather must make an affirmative demonstration, "by specific factual allegations, that there is a genuine issue of material fact that requires trial." *Hemsworth v. Quotesmith.com, Inc.*, 476 F.3d 487, 490 (7th Cir. 2007). None of the SJ Plaintiffs can make such a demonstration here.

With respect to the Hourly Plaintiffs in Groups A and B, where Plaintiffs have asserted that Defendants failed to maintain proper and accurate records of its employees' hours worked and overtime paid (*see* Second Amended Complaint ¶ 25), and where Defendants maintain evidence of the precise amount of work performed for which Plaintiffs received pay, Plaintiffs

[2] The statute provides no distinction between exempt and non-exempt employee-plaintiffs with respect to these initial *prima facie* elements of any FLSA overtime claim. "The employee bears the burden of proving that she performed overtime work for which she was not properly compensated. The employer bears the burden to establish than an exemption from the FLSA applies." *Kellar v. Summit Seating Inc.*, 664 F.3d 169, 173, 177 (7th Cir. 2011) (internal citation omitted).

*See also Boring v. World Gym-Bishop, Inc.*, 2009 U.S. Dist. LEXIS 21061, at *43 (N.D. Ill. Mar. 17, 2009) (noting that that the defendants disputed that the exempt-classified plaintiff had worked hours exceeding 40 per week and stating that the plaintiff would bear the burden of proof on that issue going forward, but denying defendants' summary judgment motion with respect to whether plaintiff fell under the administrative exemption as a matter of law).

bear the burden of proving that that Defendants' records are inaccurate or inadequate. *Vince*, 2011 U.S. Dist. LEXIS 12858, at *35-36 (citing *Anderson*, 328 U.S. at 687-88).

The Group A Plaintiffs have presented nothing more than self-serving declarations containing vague estimates of the number of hours that, on average, they speculate they worked beyond 40 hours per week, along with conclusory allegations that they unlawfully were denied OT Pay for such work. Under the reasoning of several FLSA decisions by this Court, such "evidence" is, by itself, not sufficient to create a genuine issue of fact for trial.

In *Bjornson v. Daido Metal U.S.A., Inc.*, 12 F. Supp. 2d 837, for example, this Court granted summary judgment on a plaintiff's overtime claims where, as here, the employer had evidence that the plaintiff had logged and been paid for substantial amounts of overtime, and where the plaintiff relied solely on his own testimony to try to support his claim that he had worked additional hours beyond 40 per week without pay. The Court rejected the plaintiff's assertion that the employer had a "corporate culture" that discouraged employees from submitting all of their hours worked, reasoning that such assertion was belied by the fact that the plaintiff had submitted reports of substantial hours of overtime work and that the employer had routinely paid plaintiff for all such hours. *See id.* at 841. The Court held further that even if plaintiff had been able to submit sufficient evidence of uncompensated overtime work, the employer still would be entitled to summary judgment because plaintiff had not presented any evidence to create a material fact dispute as to the employer's knowledge that he performed any uncompensated overtime work. *Id.* at 842 (citing 29 U.S.C. § 203(g); *Davis v. Food Lion*, 792 F.2d 1274, 1276-66 (4th Cir. 1986); 29 C.F.R. § 785.11)).

This Court ruled similarly in *Vince*, 2011 U.S. Dist. LEXIS 12858, at *32, and awarded summary judgment to an employer where the plaintiff had not "submitted evidence that

sufficiently support[ed] her allegations that she worked the[] overtime hours" for which she claimed an unlawful denial of pay. As with Defendants here, the *Vince* defendant submitted an affidavit from a Human Resources/Payroll Manager, to which the plaintiff's payroll records were attached, showing that the plaintiff had not worked beyond 40 hours per week in any of the weeks for which she sought overtime pay. By contrast – and analogous to the Group A Plaintiffs here – the *Vince* plaintiff's "deposition testimony and her affidavit comprise[d] the entirety of the evidence to support her wage claims," as she had "not submitted any personal records she kept of the hours she worked." *Id.* at *33. The Court concluded that given this record, no reasonable inference could be drawn of any unlawful denial of overtime, and the employer was entitled to judgment as a matter of law. *Id.* at *38. This Court has reached the same outcome in several other analogous cases. *See, e.g.:*

- *Turner v. The Saloon, Ltd.*, 491 F. Supp. 2d 767 (N.D. Ill. 2007) (awarding summary judgment for employer where plaintiff offered nothing to support his claim that employer altered his time records to remove hours over 40 per week except for generally denying the accuracy of those records), *aff'd in part, rev'd in part on other grounds*, 595 F.3d 679 (7th Cir. 2010);

- *Gatto v. Mortg. Specialists of Ill., Inc.*, 442 F. Supp. 2d 529, 536 (N.D. Ill. 2006) (dismissing plaintiff's overtime claims where her only support was her declaration that stated, without specificity, that she had worked more than 40 hours "nearly ever week," which the Court reasoned was insufficient to defeat summary judgment);

- *Marchman v. Advocate Bethany Hosp.*, 2006 U.S. Dist. LEXIS 50889 (N.D. Ill. July 12, 2006) (dismissing denied overtime claims as a matter of law, reasoning that plaintiff could not satisfy his evidentiary burden by merely alleging that he worked uncompensated overtime, and that his speculation that defendant's time records were untrustworthy because they allegedly had been altered was insufficient to defeat summary judgment).

- *See also, e.g., Stevens v. Life Care Ctrs. of Am., Inc.*, 2008 U.S. Dist. LEXIS 74555 (S.D. Ind. Sept. 25, 2008) (granting summary judgment to defendant where plaintiff's only evidence to support her overtime claims was her own unsupported testimony that she had worked through her lunch breaks without compensation and that the defendant had altered her time sheets).

As in these cases, the Group A Plaintiffs rely on vague and conclusory assertions about uncompensated overtime pay and estimated hours worked over 40 per week, as well as Complaint allegations that Defendants knew of and actually had a policy necessitating such unpaid overtime work. Neither are sufficient to create a dispute of material fact for trial on either of these elementary elements of their individual FLSA claims.

The Plaintiffs in Group B and C have even less "evidence" to support their claims – they have no evidence at all. Given the above cases in which this Court consistently has held that a plaintiff cannot defeat summary judgment if his or her only evidence is an unsupported declaration containing bare assertions of uncompensated overtime, a plaintiff with no evidence unquestionably cannot defeat summary judgment.[3]

## CONCLUSION

For all the foregoing reasons, the Court should award judgment to Defendants as matter of law on all the SJ Plaintiffs' individual FLSA claims.

Respectfully submitted,

Dated: May 21, 2012

RBS CITIZENS, N.A., D/B/A CHARTER ONE
and CITIZENS FINANCIAL GROUP, INC.

By their attorneys,

[3] These Plaintiffs also cannot try to rely on other plaintiffs' declarations or depositions to provide the requisite evidence to support their own individual claims. As set forth in detail in Defendants' accompanying Motion to Strike, despite other plaintiffs submitting declarations that purport to attest to the job duties and work hours of "all" other Citizens employees, none of those declarations are backed by personal knowledge and most of them have been recanted or modified during subsequent deposition testimony. These other plaintiffs' declarations therefore do nothing to help salvage the unsupported claims of the Group B and C Plaintiffs.

PROSKAUER ROSE LLP

*/s/ Nigel F. Telman*

Nigel F. Telman (Ill. Bar No. 6216939)
Amanda C. Wiley
Shelbie J. Byers
Three First National Plaza
70 West Madison, Suite 3800
Chicago, IL 60602-4342
Tel: 312.962.3550
ntelman@proskauer.com
awiley@proskauer.com
sbyers@proskauer.com

Mark W. Batten*****
Alison Langlais*
One International Place
Boston, MA 02110
Tel: (617) 526-9600
mbatten@proskauer.com
alanglais@proskauer.com

Elise M. Bloom*****
Amanda Haverstick*
Jacqueline M. Dorn*
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
ebloom@proskauer.com
ahaverstick@proskauer.com
jdorn@proskauer.com

*Attorneys for Defendants*
**Admitted pro hac vice*

**CERTIFICATE OF SERVICE**

I hereby certify that I have caused a true and correct copy of the foregoing to be served on the following attorneys through the Court's ECF system:

Peter Winebrake
R. Andrew Santillo
The Winebrake Law Firm, LLC
Twining Office Center, Suite 211
715 Twining Road
Dresher, PA 19025
(215) 884-2491
asantillo@winebrakelaw.com
pwinebrake@winebrakelaw.com

Kenneth C. Apicella
Apicella & Malatesta LLC
134 North LaSalle Street
Suite 320
Chicago, IL 60602
kca@apicella-law.com

Brendan J. Donelon
Daniel W. Craig
Donelon, P.C.
802 Broadway, 7th Floor
Kansas City, MO 64105
(816) 221-7100
brendan@donelonpc.com
dcraig@dancraigpc.com

on this 21st day of May, 2012.

*/s/ Nigel F. Telman*
Nigel F. Telman (Ill. Bar No. 6216939)